# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1484 | **DATE** | 11/21/2002 |
| **CASE TITLE** | Potochney vs. Doe | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. The Court grants Kane County's motion to dismiss and grants and denies in part Sheriff Ramsey's motion to dismiss [4-1]. Counts II and III against Sheriff Ramsey are dismissed, while Count I remains. A status hearing is set for 12/16/02 at 9:30 a.m. for scheduling conference.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 2 5 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/21/2002 date mailed notice | |
| MD | courtroom deputy's initials | 02 NOV 22 AM 9:18 FILED Date/time received in central Clerk's Office | MD mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| LAWRENCE POTOCHNEY, ) | |
| FRED POTOCHNEY JR., a minor ) | |
| by his Guardian and next friend, ) | |
| Lawrence Potochney, ANTHONY ) | |
| POTOCHNEY, a minor by his Guardian ) | |
| and next friend, Lawrence Potochney, ) | |
| LORI POTOCHNEY, a minor by her ) | |
| Guardian and next friend, Lawrence ) | |
| Potochney, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 02 C 1484 |
| ) | Judge Joan H. Lefkow |
| ) | |
| OFFICER JOHN DOE, individually ) | |
| and as an employee/deputy of the ) | |
| Kane County Sheriff's Department, ) | |
| KENNETH RAMSEY, in his official ) | |
| capacity as Sheriff of the Kane ) | |
| County Police Department, and ) | |
| KANE COUNTY, a municipal ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiffs, Lawrence Potochney, Fred Potochney Jr., Anthony Potochney, and Lori Potochney, filed a three-count Complaint against defendants, Officer John Doe ("Doe"), Kane County Sheriff Kenneth Ramsey ("Sheriff Ramsey"), and Kane County ("the County"), alleging excessive force pursuant to 42 U.S.C. § 1983 (Count I), battery (Count II), and intentional infliction of emotional distress (Count III) stemming from defendants' service of a search warrant in Aurora, Illinois. Defendants Sheriff Ramsey and Kane County have moved, pursuant to

Federal Rule of Civil Procedure 12(b)(6), to dismiss Count I against themselves.[1] This court has jurisdiction over the claims pursuant to 28 U.S.C. §§ 1343 and 1367. For reasons stated herein, the County's motion is granted while Sheriff Ramsey's motion is denied.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). A court will grant dismissal only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke* v. *City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

## ALLEGATIONS OF THE COMPLAINT

Plaintiffs are residents of Kane County, Illinois and live together in the city of Aurora. Fred Jr., Anthony, and Lori are Lawrence's minor children. On or around February 28, 2001, plaintiffs were at their home in Aurora. At approximately 9:00 p.m., Doe and other officers of the Kane County Sheriff's Department knocked on plaintiffs' door. When Lawrence answered the door, the officers asked if he had seen the driver of a red car that had been speeding through the neighborhood. Lawrence said that he had not, and the officers asked to enter his home and

---

[1] Defendants Kane County and Sheriff Ramsey also move to dismiss counts II and III. Plaintiffs admit in their brief that they did not intend count II or III to pertain to the County or Sheriff Ramsey. Therefore, these two counts against the County and Sheriff Ramsey will be dismissed.

2

search for the driver of the red car. Lawrence let the officers inside. As Lawrence turned toward his kitchen, the police officers tackled him from behind and handcuffed him. While Lawrence was lying on the ground, Doe kicked him in the face at least twice. His face was bruised and bleeding. Fred Jr., Anthony, and Lori watched this happen from the living room. They were crying uncontrollably and the officers eventually led them out of the house as they conducted their search. The officers placed Lawrence, still handcuffed, in a chair and told him that they had a search warrant for his home. After finishing an apparently fruitless search, the officers left. Lawrence attempted to file a complaint with the Kane County Sheriff's Department, but Sheriff Ramsey repeatedly refused to take the complaint or let Lawrence view the police report about the incident.

## DISCUSSION

In Count I, pursuant to 42 U.S.C. § 1983, plaintiffs allege that Doe used excessive force and acted willfully, maliciously and without justification when he kicked Lawrence in the face. Plaintiffs allege that defendants knew or should have known that their actions violated Lawrence's rights. They allege that the County and Sheriff Ramsey have failed to properly train and supervise Doe about the proper and necessary use of force, which evidences a Kane County custom, policy or practice. These claims against the two parties will be addressed individually in turn.

A.  **Kane County's Liability under § 1983**

Title 42 U.S.C. § 1983[2] "is not itself a font for substantive rights; instead, it acts as an instrument for vindicating federal rights conferred elsewhere." *Spiegel v. Rabinovitz*, 121 F.3d 251, 254 (7th Cir. 1997). In order to prevail on a § 1983 claim, a plaintiff must establish that the defendant deprived him of a constitutional or federal right and that the defendant acted under color of state law. *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000) (citations omitted). "Although a municipality [or other local governmental entity] is subject to suit under § 1983, *respondeat superior* liability will not suffice to impose § 1983 liability." *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998). Instead, a local governmental entity may be held liable under § 1983 in one of three ways:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 665 (7th Cir. 2000), quoting *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994) (citations omitted).

---

[2]Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

4

Plaintiffs allege that the County had a policy of failing to train (deputy) sheriffs. This argument fails to state a claim against the County because the Seventh Circuit has ruled that in most circumstances Illinois sheriffs, while agents of the county for which they work, are independently elected officials not subject to a county's respective control. *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995) ("It is plain that the county was properly dismissed; Illinois sheriffs are independently elected officials not subject to the control of the county."); *Franklin v. Zaruba*, 150 F.3d 682, 684-86 (7th Cir. 1998) ("the lack of identity between the county sheriff's department and the general county government indicates that § 1983 suits against sheriffs in their official capacities are in reality suits against the county sheriff's department rather than the county board."); *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989) ("The Sheriff is an independently-elected constitutional officer who answers only to the electorate, not to the Cook County Board of Commissioners . . . [a plaintiff] cannot maintain a section 1983 action against Cook County for 'practices, policies, or actions' which are unrelated to that entity."). According to these cases, Sheriff Ramsey's Department is not subject to the County's control and, therefore, liability cannot be imputed to the County based on Sheriff Ramsey's actions.[3] As such, the Count I claims against the County are dismissed.

---

[3] Judge David Coar in his thoughtful opinion in *Hernandez v. County of DuPage*, No. 96 C 8030, 1997 WL 598132, at *5-*9 (N.D. Ill. Feb. 15, 1997) (Coar, J.), reasons that *Ryan* and *Moy v. County of Cook*, 159 Ill. 2d 519, 640 N.E. 2d 926 (1994) are wrongly decided in light of the Supreme Court's later decision in *McMillian v. Monroe County*, 520 U.S. 781 (1997). *See Hernandez* at *8 ("Applying the *McMillian* Court's analysis to Illinois' treatment of the office of county sheriff, the court concludes that Illinois's sheriffs are county officials and that counties are therefore liable for the actions of those sheriffs and their departments."). *Franklin*, which was decided after *McMillian*, relies on *Ryan* and *Moy*, although in *dicta*. While there may be an argument for liability against the County, the court declines to construct it for the plaintiffs. Rather, it applies the established principle that the Sheriff's Department is a separate entity from the County for purposes of § 1983.

## B. Sheriff Ramsey's Liability under § 1983

Defendants maintain that Sheriff Ramsey should be dismissed as a defendant because the Complaint does not allege that Sheriff Ramsey was personally involved in any of the actions giving rise to the Complaint. Defendants ignore, however, that Sheriff Ramsey is sued in his official capacity, not his individual capacity. Suits against officials in their official capacity are suits against the entity from which the official is an agent. *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001). As mentioned previously, a suit against a Sheriff in his official capacity is a suit against the Sheriff's Department itself. *Franklin*, 45 F.3d at 684-86. Plaintiffs are not required to show any personal involvement of Sheriff Ramsey in such an official capacity case.

To establish the Sheriff's Department's liability, similar to the County, *respondeat superior* cannot be the basis. *Baskin*, 138 F.3d at 704. Instead, plaintiffs must allege an express Sheriff's policy, a custom or usage with the force of law, or a final policymaker who took the actions. *Vela*, 218 F.3d at 665. In their Complaint, plaintiffs allege that Sheriff Ramsey, in his official capacity, "failed to properly supervise Defendant Doe on when use of force is necessary and/or appropriate, which evinces a custom, policy or practice by the County of Kane." (Compl. ¶ 32.) A failure to train claim may be the basis for liability under § 1983 when the plaintiff can show deliberate indifference on the part of the local governmental entity. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989). To establish such deliberate indifference, plaintiffs must establish that the failure to train applied to multiple employees and has caused more than a single constitutional violation. *See Board of the County Comm'r of Bryan County v. Brown*, 520 U.S. 397, 407-08 (1997) ("[T]he existence of a pattern of tortious conduct by inadequately trained employees may tend to show that the lack of proper training, rather than a one-time negligent

administration of the program or factors peculiar to the officer involved in a particular incident, is the 'moving force' behind the plaintiff's injury."); *City of Oklahoma* v. *Tuttle*, 471 U.S. 808, 820 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability [on a municipality] unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.").

Plaintiffs' do not allege that the failure to train applied to multiple employees or caused more than a single constitutional violation; rather, they posit the inference that one deputy's conduct exemplifies the Department's failure to train. The court will not dismiss this failure to train claim against the Sheriff's Department inasmuch as plaintiffs do not have access to information that would allow them to plead that the failure to train was applied to multiple employees or caused more than a single violation. Failure to prove a widespread practice or deliberate indifference will, however, result in summary judgment in favor of the Sheriff's Department. Sheriff Ramsey is further obligated to identify and name Doe. *See Funchess* v. *Doe*, No. 96 C 4767, 1997 WL 12785, at *5 (N.D. Ill. Jan. 10, 1997) (Conlon, J.) (stating that because plaintiff names an unknown defendant, he "should also name a supervisory defendant who, although not personally liable, will have access to records or will otherwise be able to provide the name of the 'John Doe' defendant.").

## CONCLUSION

The court grants County's motion to dismiss and grants and denies in part Sheriff Ramsey's motion to dismiss [#4]. Counts II and III against Sheriff Ramsey are dismissed, while Count I remains. A scheduling conference is set for December 16, 2002 at 9:30 a.m.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: November 21, 2002